IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORBERT A. SCHUELLER,

    Plaintiff,

v.                                              Civ. No. 07-1084 MCA/RLP

FARMERS INSURANCE GROUP,
individually and d/b/a FOREMOST
SIGNATURE INSURANCE CO.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's[1] Motion to Compel. The Plaintiff, who is appearing *pro se*, brought an action against his insurance company after his homeowner's policy was cancelled. While he was in the hospital, after being diagnosed with cancer, his home was burglarized on possibly two occasions. Plaintiff contends it was one continuous burglary. Defendant took the view that it was two burglaries and accordingly assessed the deductible twice and then cancelled the policy for either too many occurrences or the amount of claims paid. Defendant served interrogatories on Plaintiff and Plaintiff's responses form the basis of this Motion to Compel. For the reasons set forth below, the Motion is granted in part and denied in part.

Pursuant to Fed.R.Civ.P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." "The proponent of a discovery request must, in the first instance, show the relevance of the requested information to the claims or defenses in the

---

[1] Defendant Foremost Signature Insurance Company states that it is erroneously named in the caption as "Farmers Insurance Group, individually and d/b/a Foremost Signature Insurance Co." Motion to Compel at 1.

case. This is not a high standard because relevance is liberally construed in the context of discovery . . . ." *Trujillo v. Board of Education of the Albuquerque Public Schools*, --F. Supp. 2d --, 2007 WL 1306560, *3 (D.N.M. 2007) (internal quotation marks and citations omitted).

<u>Interrogatory No. 1</u>. This interrogatory requests Plaintiff's name, address, Social Security number, date and place of birth, and any alias. Plaintiff objects because, as he says, Defendant already knows his name.

Plaintiff's objection is without merit. Defendant is entitled to this information, with the following exception: Plaintiff only need provide the last four digits of his Social Security number.

<u>Interrogatory No. 5</u>. Defendant requests, without limitation, each and every employer, wages paid, dates of employment, type of work performed, and the reason for termination. Plaintiff objects on the ground of overbreadth and argues that he has been retired since 2002.

Plaintiff's objection is not without some merit. The Court finds that Plaintiff's entire employment history is not relevant to this lawsuit and orders that Plaintiff only need provide the information for the seven years preceding the incident at issue.

<u>Interrogatory No. 6</u>. This interrogatory requests "all sources of your income or support" and the intervals at which the money is received and the amount received. The request is not limited in time and Plaintiff objects on the grounds of overbreadth and none of Defendant's business. He then goes on to say that he receives Social Security on the third day of each month.

The relevance of this interrogatory is not apparent. However, Defendant provides the Court with some of the facts giving rise to this interrogatory. It seems that Defendant offered not to cancel Plaintiff's insurance policy if he took some unidentified security measures. Plaintiff told Defendant he could not afford those measures. Defendant now wants to look at Plaintiff's income or support to determine whether or not the measures could have been taken.

The Court finds that the interrogatory is appropriate, but only for the five years preceding the incident at issue.

Interrogatory No. 7. Defendant requests a list of all litigation Plaintiff has been a party to and other information concerning said litigation. The interrogatory is unlimited in time. Plaintiff objects on the grounds of overbreadth and relevance. Defendant argues that Plaintiff might have a habit of filing contentious litigation and the information may be relevant to his claim of emotional distress.

All litigation is contentious. As the interrogatory is worded, it is not relevant to the instant litigation and is overbroad because it is unlimited in time. Plaintiff need not respond to this interrogatory.

Interrogatory Nos. 9 - 16. These interrogatories asked a variety of questions and Plaintiff has answered them, either by providing his answer or indicating to Defendant that he previously provided the information in the initial disclosures.

Plaintiff is cautioned that he has a continuing duty to provide information sought in discovery to Defendant if the initial information is incomplete or inaccurate. Plaintiff is further cautioned that his failure to provide such information may impact him adversely at trial.

Interrogatory No. 17. Defendant requests the identification of any expert witnesses Plaintiff intends to call at trial. Plaintiff states that information is unknown at this time. That is his answer. Again, if Plaintiff determines that he will call an expert he must identify that individual to Defendant within the time prescribed by the Federal Rules of Civil Procedure and the Court's Scheduling Order and the Pretrial Order. The failure to do so may prohibit Plaintiff from calling such witness(es) at trial.

Request for Production No. 12.[2] Plaintiff has been requested to provide his income tax records for 2002 to 2005. Plaintiff argues these documents are privileged. Defendant states that Plaintiff's claim that he was unable to provide security for his home as a condition to continue the policy puts his income at issue. A plaintiff's tax returns are generally not discoverable unless the plaintiff's income is in issue. *Trujillo*, -- F. Supp.2d --, 1306560, *4 (D.N.M. 2007) (citation and internal quotation marks omitted). It appears that Plaintiff has put his income in issue and therefore the tax returns from 2002 to 2005 shall be produced.

Finally, Defendant argued throughout its Motion that Plaintiff had not submitted verified responses to the interrogatories. Rule 33 provides that a party's responses shall be made under oath. This means that Plaintiff's responses - his direct answers or his response that he has already provided the information - must be sworn by a notary public. Plaintiff shall have until **April 30, 2008** to sign and file a verification or affidavit as to the accuracy of his prior interrogatory responses. The responses ordered herein shall also be under oath in accordance with Fed.R.Civ.P. 33.

---

[2] In its Reply, Defendant withdraws its Request for Production No. 13.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel [Doc. 38] is granted in part and denied in part as stated herein; and

IT IS FURTHER ORDERED that Plaintiff shall answer, under oath, interrogatories 1, 5, and 6 as required herein and such answers shall be provided to Defendant on or before **April 30, 2008**;and

IT IS FURTHER ORDERED that Plaintiff shall provide the documents requested in request for production No. 12 to the Defendant on or before **April 30, 2008**; and

IT IS FURTHER ORDERED that Plaintiff shall file a notarized verification or affidavit attesting to the accuracy of his prior interrogatory responses on or before **April 30, 2008**.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge