**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**NORBERT A. SCHUELLER,**

      Plaintiff,

  vs.                                            No. 1:07-cv-1084 MCA/RLP

**FARMERS INSURANCE GROUP,
individually and d/b/a FOREMEOST
SIGNATURE INSURANCE CO.,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Plaintiff's Memorandum [brief] In Opposition to Foremost's Removal of Case to Federal Court* [Doc. 7], filed November 9, 2007. The Court construes Plaintiff's "Memorandum" as a motion to remand. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that Plaintiff's request to remand this action to State court should be DENIED.

**I.    BACKGROUND**

On October 1, 2007, Plaintiff *pro se* Norbert A. Schueller filed his "Civil Complaint for Damages for Breach of Contractual Covenants of Good Faith & Fair Dealing, Retaliation, Fraud, Infliction of Emotional Distress, and Punitive Damages" ("Complaint") in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico. The Complaint alleges that Plaintiff had a homeowners insurance policy issued by Defendant Foremost

1

Insurance Company[1] with policy limits of $40,000 for personal property loss.  He claims that, during the month of February 2007, while he was confined to a hospital and receiving a diagnosis of Hodgkins Lymphoma, his home was burglarized and several items of value were taken, including a laptop computer, computer peripherals, cameras, money, and a coin collection.  At some unknown time later, while Plaintiff was still in the hospital, the burglars re-entered and took his large screen television.  Plaintiff and the Sheriff's Department consider these events to be one continuous burglary, but Defendant counted it as two and applied two deductibles.  Plaintiff complains that despite the fact he had policy limits of $40,000, Defendant paid only $5,262.25 on the claim.

In August 2007, while Plaintiff was again in the hospital, Defendant issued a Notice of Non-Renewal stating the number of claims as the reason for the non-renewal.  According to Plaintiff, however, his insurance agent told him the reason for the non-renewal was the amount of payout on his burglary claim.

Based on the above facts, Plaintiff brings claim for breach of contract, fraud, and infliction of emotional distress.  He seeks compensatory damages of $100,000 and punitive damages of $1 million.  [Doc. 1-3 at 2.]

Defendant removed this action to federal court on October 29, 2007, on diversity grounds.  [Doc. 1.]  Plaintiff seeks remand on the grounds that "there is no constitutional question, no treaty, nor any federal law at issue."  [Doc. 7 at 1.]  He also argues that the

---

[1] Defendant Foremost Signature Insurance Company claims that it is erroneously named in the caption as "Farmers Insurance Group," a non-entity trade name.

abstention doctrine is applicable.  [Id. at 2–4.]

## II.     ANALYSIS

### A.     Diversity Jurisdiction

Plaintiff challenges the Court's jurisdiction on the grounds that there is no federal question or statute at issue.  Pursuant to 28 U.S.C. § 1332(a), however, a federal district court may exercise jurisdiction over a civil action if the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Removal of a state court action to federal district court is controlled by 28 U.S.C. § 1441, which states, in relevant part,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The requirements necessary for the Court to exercise jurisdiction have been met. First, Plaintiff is a resident of Valencia County, New Mexico.  [Doc. 1-3 at 2.] Defendant is a Michigan corporation, with its principal place of business in the State of Michigan.  [Doc. 1 at 2.]  Accordingly, the parties are diverse.  Second, the amount in controversy exceeds $75,000.  "In a removal case, it is the obligation of the removing defendant to establish that the amount in controversy requirement has been satisfied." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  The burden however, "is 'rather light' if the sum claimed by the plaintiff exceeds the jurisdictional amount." *Huffman v. Saul Holdings Ltd. P'ship*,

3

194 F.3d 1072, 1079 (10th Cir. 1999) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702 at 44 (3d ed. 1998)).

The Complaint states that Plaintiff seeks compensatory damages of $100,000 plus punitive damages of $1 million. The factual basis establishing the amount in controversy also is apparent from the Complaint. Construed liberally, the Complaint alleges that Plaintiff may be entitled to policy limits of $40,000. Add to this allegations that Defendant took advantage of his age and infirmity in the handling of his claim and that it concealed the fact that the policy could be cancelled for making claims over a certain amount, it is reasonable to infer that the amount in controversy exceeds $75,000.

The Court therefore concludes that removal was proper pursuant to 28 U.S.C. § 1441.

### B. Abstention

Plaintiff argues that this Court should abstain from exercising jurisdiction because (1) there is no federal question and (2) he chose state court for adjudication of his state law causes of action. As authority, he cites *Zwickler v. Koota*, 389 U.S. 241 (1967).

*Zwickler* is inapplicable here. It involved an action originally brought in federal court asserting a constitutional challenge to a state statute. *Zwickler*, 389 U.S. at 244. Furthermore, the Supreme Court held that the lower court erred by abstaining and that it should have exercised jurisdiction to consider the merits. *Zwickler*, 389 U.S. 251.

Plaintiff argues, however, that "if federal courts are to give respect to a suitor's choice of a federal forum for federal questions, concomitantly they should also give deference to a suitor's choice of state courts for non-federal questions." [Doc. 7 at 3–4.] His argument is

not without some logic. However, once the defendant has met its burden of establishing that removal was proper and that the diversity and the amount in controversy requirements have been met, the inquiry is ended and the Court must exercise jurisdiction. *Varela v. Wal-Mart Stores, E., Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000) (citing 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998)).

"Abstention is a narrow exception to the duty of a district court to adjudicate a controversy properly before it, and is used only in exceptional circumstances." *S&R Pawn Shop Inc. v. City of Del City*, 947 F.2d 432, 442 (10th Cir. 1991). There are three general categories of abstention: (1) cases where federal constitutional issues might be mooted or presented in a different posture by a state court determination of state law; (2) cases where there have been presented difficult question of state law regarding policy issues of substantial public import; and (3) cases where federal jurisdiction has been invoked in order to restrain state criminal proceedings. *USA v. Tsosie*, 92 F.3d 1037, 1042 n.6 (10th Cir. 1996) (citations omitted).

Plaintiff has not articulated exceptional circumstances that would require the Court to abstain, nor does this case fall within any of the recognized abstention categories. Accordingly, his request that the Court refrain from exercising jurisdiction will be denied.

**C.    Venue**

Plaintiff claims that Defendant has chosen federal court in Albuquerque for "logistical" reasons and for purposes of harassment because it is 20 miles away from his

home in Belen, New Mexico. However, because the Court has determined that it is proper to exercise jurisdiction, the case must remain in federal court. To the extent Plaintiff is claiming the forum is inconvenient, there is no relief available. There is no other federal forum that is closer to his home than the Albuquerque Division of the District of New Mexico.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant has met its burden of showing that the statutory requirements for diversity of citizenship and amount in controversy are satisfied. The Court also concludes that this case does not present exceptional circumstances such that the Court should abstain from exercising jurisdiction.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Memorandum [brief] In Opposition to Foremost's Removal of Case to Federal Court* [Doc. 7], filed November 9, 2007, and all relief requested therein, is **DENIED.**

**SO ORDERED** this 18th day of August 2008**,** in Albuquerque, New Mexico.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　**M. CHRISTINA ARMIJO**
　　　　　　　　　　　　　　　　　　　　United States District Judge