IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NORBERT A. SCHUELLER,**

    Plaintiff,

vs.                                                    No. 1:07-cv-1084 MCA/RLP

**FARMERS INSURANCE GROUP,
individually and d/b/a FOREMEOST
SIGNATURE INSURANCE CO.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following four pleadings: (1) *Plaintiff's Affidavit for Default Judgment Against Defendant Farmer's Insurance Group & Request for Entry of Default Judgment* [Doc. 11], filed November 19, 2007; (2) *Plaintiff's Motion to Strike Defendant Foremost's: Rule 7.1 Corporate Disclosure Statement and Response to Plaintiff's Affidavit for Default Judgment Against Defendant Farmers Insurance Group & Request for Entry of Default Judgment* [Doc. 15], filed January 20, 2008; (3) *Defendant's Motion to Supplement Briefing on Defendant's Response to Plaintiff's Motion to Strike Foremost's Rule 7.1 Corporate Disclosure Statement and Response to Plaintiff's Affidavit for Default Judgment Against Defendant Farmer's Insurance Group & Request for Entry of Default Judgment* [Doc. 29], filed February 22, 2008; and (4) *Plaintiff's Motion for Sanctions for Violations of F.R.Civ.P. Rule 11(b)*, [Doc. 62], filed May 2, 2008. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in

1

the premises, the Court concludes that Plaintiff's request for default judgment, motion to strike, and motion for sanctions should be denied; and that Defendant's request to supplement the record should be granted.

## I.     BACKGROUND

On October 1, 2007, Plaintiff *pro se* Norbert A. Schueller filed his "Civil Complaint for Damages for Breach of Contractual Covenants of Good Faith & Fair Dealing, Retaliation, Fraud, Infliction of Emotional Distress, and Punitive Damages" ("Complaint") in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico. Defendant Foremost Signature Insurance Company[1] ("Foremost") was served on October 10, 2007. Foremost removed the case to federal court on October 29, 2007, and filed *Defendant's Answer to Plaintiff's Complaint for Damages* [Doc. 4], as well as *Defendant's Rule 7.1 Corporate Disclosure Statement* [Doc. 3] that same day.

Plaintiff seeks a default judgment against an entity called "Farmers Insurance Group." He claims that Farmers Insurance Group was served with summons and the complaint on October 15, 2007, that its answer was due November 14, 2007, and that it has failed to answer or otherwise respond. He also seeks to strike both Foremost's response to his request for default judgment and Foremost's Rule 7.1 Corporate Disclosure Statement on the grounds that they are filled with "lies."[2]

---

[1]Defendant Foremost Signature Insurance Company claims that it is erroneously named in the caption as "Farmers Insurance Group," a non-entity trade name.

[2]The Court takes this opportunity to instruct the Plaintiff that though he is *pro se*, he is expected to conduct this litigation without resort to gratuitous or *ad hominen* attacks on counsel or parties. *See, e.g.*, Plaintiff's reply to the motion to strike [Doc. 22 at 3, referring to Defendant Foremost as "dastardly"

Foremost claims that "Farmers Insurance Group," the entity Plaintiff seeks default against, is a only a trade name, not a legal entity. Foremost also seeks leave to supplement its responses to Plaintiff's request for default judgment and his motion to strike with the affidavit of Margaret Giles, an Assistant Secretary of Farmers Group, Inc. certifying that "Farmers Insurance Group" is federally-registered service mark, not a legal entity.

The Court addresses each of the motions below.

## II.     ANALYSIS

### A.     Defendant's Motion to Supplement Briefing on Defendant's Response to Plaintiff's Motion to Strike Foremost's Rule 7.1 Corporate Disclosure Statement and Response to Plaintiff's Affidavit for Default Judgment Against Defendant Farmer's Insurance Group & Request for Entry of Default Judgment [Doc. 29]

Foremost seeks to supplement the record with the affidavit of Margaret Giles, which it states it received approximately a week after responding to Plaintiff's motion to strike. The Giles affidavit states that "Farmers Insurance Group" is a "federally registered service mark utilized on occasion by certain insuring entities in the marketing of their products." [Doc. 29-2 at 1.] Attached to the affidavit is the Service Mark Principal Register for Farmers Insurance Group, U.S. Patent and Trademark Office Registration No. 1,821,673 [Doc. 29-2 at 4] and the Certificate of Registration [Id. at 5].

Plaintiff has no objection to the filing of the affidavit. [Doc. 32 at 1.] His only objections are to its substance and effect. Accordingly, Foremost's motion to supplement

---

and "mendacious"], [Id. at 5, stating that "Foremost is a liar"], and Plaintiff's reply in support of his request for default judgment [Doc. 13 at 3, accusing defense counsel of "hubris"].

3

the briefing will be granted.

> **B.     Plaintiff's Motion to Strike Defendant Foremost's: Rule 7.1 Corporate Disclosure Statement and Response to Plaintiff's Affidavit for Default Judgment Against Defendant Farmers Insurance Group & Request for Entry of Default Judgment [Doc. 15]**
>
>> 1.     *Plaintiff's Motion to Strike Foremost's Rule 7.1 Corporate Disclosure Statement*

Plaintiff asks the Court to strike Foremost's Rule 7.1 Corporate Disclosure Statement on the grounds that it contains "lies." His objection to the disclosure statement first is that an entity named therein, "Farmers Insurance Exchanges" could not be located in the corporation records of the California Secretary of State and therefore the statement "no publicly held corporation owns more than 10% of the stock of Farmers Insurance Exchanges" is untrue. [Doc. 15 at 2.] He also objects to Foremost's claim that "Farmers Insurance Group" is a trade name and not a legal entity.

The Court first notes that the Disclosure Statement serves no purpose with respect to the merits of the case. Nongovernmental corporate parties are required by Rule 7.1 of the Federal Rules of Civil Procedure to file a Disclosure Statement "that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation." Fed.R.Civ.P. 7.1(a). The purpose of Rule 7.1 is to aid judges in making informed disqualification decisions under the financial interest standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. Fed.R.Civ.P. 7.1 cmt.

Under Rule 12(f), the Court may order stricken "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Plaintiff does not contend that

4

Foremost's Rule 7.1 Corporate Disclosure Statement response is redundant, immaterial, impertinent or scandalous. Rather, he challenges the truthfulness of statements it contains. This is not a basis to strike the document under Rule 12(f). Accordingly, his motion to strike *Defendant's Rule 7.1 Corporate Disclosure Statement* must be denied.

> 2. *Plaintiff's Motion to Strike Foremost's response to his request for default judgment*

Plaintiff moves to strike Foremost's response [Doc. 12] to his request for default judgment against Farmers Insurance Group. The grounds asserted to strike the response are the same he asserts to strike the Corporate Disclosure statement, *i.e.*, that it contains "lies."

As with the Corporate Disclosure Statement, Plaintiff does not contend that Foremost's response is redundant, immaterial, impertinent or scandalous. Rather, he disagrees with Foremost regarding the nature of Farmers Insurance Group and claims that Foremost is "lying" about the type of entity it is. This is not a basis to strike the response under Rule 12(f). Accordingly, his motion to strike Foremost's response must be denied.

    **C.**    **Plaintiff's Affidavit for Default Judgment Against Defendant Farmer's Insurance Group & Request for Entry of Default Judgment [Doc. 11]**

The dispute over Plaintiff's request for default judgment primarily concerns the nature of "Farmers Insurance Group"—the entity against which he seeks a judgment of default. Foremost claims that "Farmers Insurance Group" is a trade name that does not exist as a corporate legal entity, that it has no "assets, liabilities, employees, officers, directors, bank accounts or property and does not conduct business for gain or speculation of any kind." [Doc. 29-2 at 3.] It also, according to Foremost, does not enter into insurance contracts. [Id.]

Plaintiff nevertheless vigorously objects that Foremost is "lying" about the nature of the entity known as "Farmers Insurance Group." He claims that Farmers Insurance Group "has to be a legal entity inasmuch as that is the way both Farmers & Foremost hold out the respective ownership." [Doc. 13 at 2.] He attaches and refers to numerous examples where "Farmers Insurance Group" is used in a context which he claims indicates it is a legal entity capable of being sued. The examples are from the websites farmers.com, foremost.com, wikipedia.org, and aarpforemost.com. [Doc. 13 at 11–20.]

None of these examples is sufficient to establish that "Farmers Insurance Group" is a legal entity. Furthermore, as explained below, Plaintiff's Complaint identifies only one defendant and one defendant has answered. Accordingly, there is no defendant that is currently in default.

Plaintiff claims he has named and served two defendants, and that one of them is in default. The caption of his complaint, however, names only one defendant— "Farmers Insurance Group"—sued in two capacities, "individually" and as its purported d/b/a, Foremost Signature Insurance Company. [Doc. 1-3 at 1.]

Plaintiff's reply in support of his motion to strike includes a diagram in which he parses the caption to show that he has named two defendants: Farmers Insurance Group, individually and Farmers Insurance Group d/b/a Foremost Signature Insurance Co. [Doc. 22 at 6.] This attempt at parsing is not persuasive. First, the distinction between Farmers Insurance Group in its "individual" and "d/b/a" capacities is without legal effect. The distinction is material only when the defendant is a natural person capable of acting both for

himself and pursuant to his official duties or in a representative capacity. *Cf. Walston v. City of Port Neches*, 980 F.2d 872, 877 (E.D. Tex. 1997) (noting that the distinction between "individual" and "official" capacities is relevant only when the defendant is a natural person).

Second, a corporation operating under an assumed name does not create a separate legal entity. It is merely descriptive of a person or company that does business under some other name. *See Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (D.Neb. 1977); *Moore v. Brancard*, 872 A.2d 909, 910 n.1 (Conn. App. Ct. 2005). Thus, whether Farmers Insurance Group is a corporate entity or merely a trade name, it is not a natural person and cannot be "parsed" into separate entities for purposes of suit.

Defendant Foremost, on the other hand, is a corporate entity and the company that issued Plaintiff's insurance policy. Observing that only one defendant was named in the caption, Foremost assumed—reasonably—that Plaintiff had intended to name it as the defendant, though he had erroneously described Foremost as the assumed name of "Farmers Insurance Group." Accordingly, it entered an appearance in this lawsuit under its correct name, "Foremost Signature Insurance Company." The Court detects nothing nefarious in this conduct.

Plaintiff is a *pro se* party, and the Court thus construes his pleadings liberally. The Court will not, however, read his Complaint so broadly as to create two defendants out of one. Accordingly, there is no party against whom default can be taken and his request for default judgment must be denied.

### D. Plaintiff's Motion for Sanctions for Violations of F.R.Civ.P. Rule 11(b) [Doc. 62]

Plaintiff claims that Foremost should be sanctioned for purported misrepresentations of fact contained in its Corporate Disclosure Statement. Rule 11(c) allows the Court to impose sanctions upon its determination that a party has violated Rule 11(b), which provides that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The relevant portion of the Foremost's Rule 7.1 Corporate Disclosure Statement says:

> 1. Farmers Insurance Group is a trade name and not a legal entity.
>
> 2. Foremost Signature Insurance Company is owned by Foremost Insurance Company, which is owned by Foremost Corporation of America, which is owned by Farmers Insurance Exchanges. Farmers Insurance Exchanges has no publicly traded stock, and no publicly held corporation owns more than 10% of the stock of Farmers Insurance Exchanges.

[Doc. 3.] As explained previously, the purpose of these disclosures is to aid judges in making informed disqualification decisions under the financial interest standard.

The Court has reviewed the exhibits supporting Plaintiff's request for sanctions and finds nothing inconsistent with Foremost's Disclosure Statement. Exhibit A, is a document that Plaintiff claims is a portion of Farmers Group, Inc.'s December 31, 2000 10-K filing with the Securities and Exchange Commission. He claims this document characterizes Farmers Insurance Exchanges as an "operating segment" of Farrmer's Group, Inc. and from this concludes that Farmers Insurance Exchanges is "not a legal entity which can own anything." [Doc. 62 at 3.]

Plaintiff is mistaken in his interpretation of the 10-K. It does not indicate that Farmers Insurance Exchange is an operating segment of Farmers Group, Inc. It states that "the Exchanges acquired Foremost Corporation of America and its subsidiaries." [Doc. 62 at 5.] Assuming that "Exchanges" means "Farmers Insurance Exchanges," as Plaintiff claims, the 10-K is consistent with the Disclosure Statement which states that Farmers Insurance Exchanges owns Foremost Corporation of America.

Exhibit B is a copy of section 1502 of the California Corporations Code, whose "obvious purpose" according to Plaintiff is the same as Rule 7.1 of the Federal Rules of Civil Procedure. To the contrary, there is no similarity between section 1502 regarding information that must be reported annually by corporations to the California Secretary of State for purposes of auditing and service of process, and Rule 7.1, which requires disclosure of ownership interests. The California statute has no relevance to this matter.

Exhibit C is purportedly a printout from a search conducted by Plaintiff at the California Business Portal website which shows he obtained "no results" when searching for "Farmers Insurance Exchanges" in the California Secretary of State's database. He concludes that Farmers Insurance Exchanges therefore must be a "phantom" company that does not exist as a legal entity. This argument is without merit. Merely because "Farmers Insurance Exchanges" did not appear on a limited internet records search does not mean that it does not exist or that it cannot own property.

Exhibit D is the Service Mark Principal Register for Farmers Insurance Group, U.S. Patent and Trademark Office Registration No. 1,821,673 and the Certificate of Registration that are also attached to Margaret Giles' affidavit. Plaintiff refers to this document to support his contention that "Farmers Insurance Group" is synonymous with "Farmers Group, Inc." This document also is consistent with the Disclosure statement which states that "Farmers Insurance Group" is a trade name.

In short, Plaintiff has failed to show that there are any misrepresentations in Foremost's Corporate Disclosure Statement. The motion for sanctions therefore will be denied.

### E.   Foremost's request for attorney fees

Foremost moves the Court to award attorney fees incurred in responding to Plaintiff's motion for sanctions. [Doc. 64 at 3–4.] It is true that Rule 11 applies to *pro se* litigants. Fed.R.Civ.P. 11(b). Furthermore, it is likely that Plaintiff's Motion for Sanctions would be considered frivolous and sanctionable had it been filed by an attorney.

The Court cannot conclude, however, that the motion necessarily was presented for an improper purpose. Viewing the situation charitably, it appears that Plaintiff may have misconstrued the arguments of counsel, as well as the information he has attempted to collect on various insurance entities. In light of Plaintiff's *pro se* status, the Court will accord him the benefit of the doubt and refrain from sanctioning him, in this instance.

Nevertheless, Plaintiff is hereby cautioned that his repeated attacks on the Disclosure Statement without a legal basis are misplaced. It is not relevant to the merits of the case. Furthermore, Defendant Foremost admits that it issued the policy in question. The entities involved in Foremost's ownership chain, and the precise nature of these entities have no apparent relevance to the issues in this lawsuit. Addressing these matters needlessly consumes the resources of the parties and the Court, prolongs the litigation, and distracts focus from the substantive issues. Plaintiff now has been warned and may be subject to sanctions if he continues this conduct in the future.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's request for default judgment, motion to strike, and motion for sanctions should be denied. Defendant's motion to supplement the briefing should be granted and its request for attorney fees denied..

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Affidavit for Default Judgment Against Defendant Farmer's Insurance Group & Request for Entry of Default Judgment* [Doc. 11], filed November 19, 2007 is **DENIED;**

**IT IS, FURTHER, ORDERED** that *Plaintiff's Motion to Strike Defendant*

*Foremost's: Rule 7.1 Corporate Disclosure Statement and Response to Plaintiff's Affidavit for Default Judgment Against Defendant Farmers Insurance Group & Request for Entry of Default Judgment* [Doc. 15], filed January 20, 2008 is **DENIED;**

**IT IS, FURTHER, ORDERED** that *Plaintiff's Motion for Sanctions for Violation(s) of F.R.Civ.P. 11(b)*, [Doc. 62], filed May 2, 2008 is **DENIED;**

**IT IS, FURTHER, ORDERED** that *Defendant's Motion to Supplement Briefing on Defendant's Response to Plaintiff's Motion to Strike Foremost's Rule 7.1 Corporate Disclosure Statement and Response to Plaintiff's Affidavit for Default Judgment Against Defendant Farmer's Insurance Group & Request for Entry of Default Judgment* [29], filed February 22, 2008 is **GRANTED;**

**IT IS, FURTHER, ORDERED** that Defendant's request for attorney fees incurred responding to *Plaintiff's Motion for Sanctions for Violation(s) of F.R.Civ.P. 11(b)* is **DENIED.**

**SO ORDERED** this 26th day of September 2008**,** in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge