**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**NORBERT A. SCHUELLER,**

   Plaintiff,

vs.                 No. 1:07-cv-1084 MCA/RLP

**FARMERS INSURANCE GROUP,
individually and d/b/a FOREMEOST
SIGNATURE INSURANCE CO.,**

   Defendants.

### MEMORANDUM OPINION AND ORDER

   **THIS MATTER** comes before the Court on *Plaintiff's Motion to Amend Complaint* [Doc. 44], filed April 4, 2008.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that Plaintiff's Motion should be **DENIED**

**I.**  **BACKGROUND**

   On October 1, 2007, Plaintiff *pro se* Norbert A. Schueller filed his "Civil Complaint for Damages for Breach of Contractual Covenants of Good Faith & Fair Dealing, Retaliation, Fraud, Infliction of Emotional Distress, and Punitive Damages" ("Complaint") in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico.  Defendant Foremost Signature Insurance Company ("Foremost") removed the case to federal court on October 29, 2007.

   The Complaint alleges that Plaintiff had a homeowners insurance policy issued by

1

Foremost with policy limits of $40,000 for personal property loss. He claims that, during the month of February 2007, while he was confined to a hospital and receiving a diagnosis of Hodgkins Lymphoma, his home was burglarized and several items of value were taken, including a laptop computer, computer peripherals, cameras, money, and a coin collection. At some unknown time later, while Plaintiff was still in the hospital, the burglars re-entered and took his large screen television. Plaintiff and the Sheriff's Department consider these events to be one continuous burglary, but Defendant Foremost counted it as two and applied two deductibles. Plaintiff complains that despite the fact he had policy limits of $40,000, Foremost paid only $5,262.25 on the claim.

In August 2007, while Plaintiff was again in the hospital, Foremost issued a Notice of Non-Renewal stating the number of claims as the reason for the non-renewal. According to Plaintiff, however, his insurance agent told him the reason for the non-renewal was the amount of payout on his burglary claim. Based on the above facts, Plaintiff brings claims for breach of contract, fraud, and infliction of emotional distress. He seeks compensatory damages of $100,000 and punitive damages of $1 million. [Doc. 1-3 at 2.]

Plaintiff seeks leave to amend his Complaint to (1) add a cause of action for defamation and (2) "cure a latent ambiguity in the caption." [Doc. 44 at 1.]

## II.   ANALYSIS

### A.   Legal Standard

A complaint may be amended "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Thereafter, such an amendment

requires leave of Court or written consent of the adverse party, but such "leave shall be freely given when justice so requires." Fed. R.Civ. P. 15(a). It is within the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996).

A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). The standard for determining whether a claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) was recently clarified in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). A claim is subject to dismissal under this rule if it does not "possess enough heft to sho[w] that the pleader is entitled to relief." *Id.* at 1966 (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation and footnote omitted). The standard

of review articulated in *Twombly* still requires the Court to view the well-pleaded factual allegations in the light most favorable to Plaintiff and to construe all reasonable inferences in its favor. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225,1236 (10th Cir. 2007).

### B.     Defamation claim

Plaintiff alleges that he learned in March 2008 the facts supporting a claim for defamation. The proposed claim for defamation states:

> 21.    In 2007...defendant Foremost Signature published an unprivileged, false, defamatory statement about plaintiff; this false statement asserted that plaintiff made 2 claims for losses of personal property.
>
> 22.    The truth is that plaintiff made only 1 claim, which defendant Foremost Signature unilaterally, arbitrarily and capriciously classified as 2 claims.
>
> 23.    As a direct and proximate result and consequence of this false publication, plaintiff has been harmed as follows:  a) this has contributed to the mental anguish and emotional distress suffered by plaintiff...; and b) plaintiff has been unable to find replacement homeowner's insurance at anything resembling a reasonable premium cost.

[Doc. 44 at 12–13.]

Foremost argues that the proposed claim for defamation is futile. It admits that it did indeed report to the Insurance Services Organization ("ISO") that Plaintiff made two insurance claims. Before reporting the incident as two claims, however, Foremost says it investigated the matter by obtaining a copy of the police report which indicates that Plaintiff reported two burglaries to the police. Thus, according to Foremost, the availability of the defense of truthfulness renders the proposed defamation claim futile.

Two of the elements that Plaintiff must prove to support his proposed defamation claim are that the communication at issue is defamatory, and the recipient of the communication understood it to be defamatory. *Fikes v. Furst*, 81 P.3d 546, 549 (N.M. 2003). Furthermore,

> Defamatory words are either actionable per se or per quod. Those which are injurious upon their face and without extrinsic aid are defamatory per se; but if insinuation, innuendo, colloquium or explanatory circumstances are necessary either to explain the person intended or the defamatory character, they are only actionable per quod and require pleading and proof of special damage to the complaining party.

*Reed v. Melnick*, 462 P.2d 148, 149 (N.M.Ct.App. 1969) (citation and quotation marks omitted). A publication that is defamatory per se is one which, when "stripped of all insinuation, innuendo, colloquium, and explanatory circumstances" is defamatory on its face. *Reed*, 462 P.2d at 149 (citation omitted). A plaintiff alleging libel per quod, on the other hand, whereby the defamatory meaning of a communication depends on extrinsic circumstances, must allege the extrinsic facts and the innuendo to be drawn from them. *Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 517 n. 3 (10th Cir. 1987); *see also Robinson v. Bantam Books, Inc*. 339 F.Supp. 150, 157 (S.D.N.Y. 1972) ("In order to state a cause of action in libel per quod, it is necessary to allege the extrinsic circumstances imparting a defamatory meaning to the language.").

The Court first considers whether a statement to the effect that Plaintiff made two insurance claims qualifies as libel per se. "Generally, a statement is considered defamatory if it has a tendency to render the party about whom it is published contemptible or ridiculous in public estimation, or expose him [or her] to public hatred or contempt, or hinder virtuous

[people] from associating with him [or her]." *Fikes*, 81 P.3d at 549 (quoting *Bookout v. Griffin*, 97 N.M. 336, 339, 639 P.2d 1190, 1193 (1982)) (brackets and quotation marks in original).

The statement that Plaintiff made two insurance claims clearly is not defamatory on its face. It is a rather innocuous statement, neutral in content, that does not impute any wrongdoing to the Plaintiff, render him contemptible or ridiculous in public estimation, or hinder virtuous people from associating with him. Furthermore, the law of defamation does not cover every publication error that may result in financial harm. *Cf. Sunward Corp.*, 811 F.2d at 537 (citing Restatement (Second) of Torts § 559 cmt. b (1977)). Missing from the allegedly erroneous statement that Defendant made to the ISO is an "actively derogatory aspect" that is a critical component of a defamation claim. *See Sunward Corp.*, 811 at 537. Thus, if it is to be actionable at all, it must meet the requirements of libel per quod.

Plaintiff's proposed complaint, however, does not allege any facts or extrinsic circumstances from which the Court could conclude that the statement was susceptible of a defamatory meaning. Also absent are any allegations that ISO understood the communication in a defamatory manner. Thus, the claim also fails to meet the requirements of libel per quod.

In sum, Plaintiff's proposed amendment fails to allege a cause of action for defamation. If permitted, it would be subject to dismissal because the report Defendant made to the ISO, though allegedly erroneous, is not defamatory. Amendment of the complaint to add a defamation claim therefore would be futile.

### C. Caption

Plaintiff proposes to amend the caption to cure a "latent ambiguity." According to Plaintiff, the latent ambiguity has to do with the name "Farmers Insurance Group"—an entity he has purported to name as a defendant. Plaintiff claims that "Farmers Insurance Group" is a widely used pseudonym for "Farmers Group," but he proposes to amend the caption to insert "Farmers Group, Inc." and "Foremost Signature Insurance Co."[1]

The Court agrees that the current caption is ambiguous. It purports to name a single defendant, "Farmers Insurance Group," in both an "individual" and "d/b/a" capacity.[2] However, the ambiguity has already been resolved by the appearance of Defendant Foremost Signature Insurance Company, who has appeared and defended this lawsuit though it claims it is erroneously described as the assumed name of "Farmers Insurance Group." The proposed amendment thus does not cure the ambiguity, but adds to the confusion by purporting to add a second defendant, Farmers Group, Inc., as well as to redundantly add the name of a defendant that has already appeared, Foremost Signature Insurance Company.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Motion should be denied.

---

[1] Defendant's position on the request to amend the caption is not entirely clear. It states that it does "not necessarily oppose" the motion, but requests that any amended caption properly and accurately reflect the relationship of the parties. [Doc. 53 at 4.]

[2] The Court addresses Plaintiff's attempt to name this entity in two capacities in its *Memorandum Opinion and Order* on his request for default judgment against Farmers Insurance Group, filed concurrently herewith. In denying his request for default judgment, the Court concluded that Plaintiff has named only one Defendant in this action—Foremost Signature Insurance Company.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion to Amend Complaint*, [Doc. 44], filed April 4, 2008 is **DENIED.**

**SO ORDERED** this 26th day of September 2008**,** in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge